ERNEST W. BROWN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 75962. Promulgated June 18, 1937.

*David I. Mackie, Jr., Esq.*, for the petitioner.
*John H. Pigg, Esq.*, for the respondent.

182

OPINION.

BLACK: The Commissioner has determined that the transactions enumerated in the foregoing findings of fact did not constitute a "sale or exchange" of capital assets by petitioner to Ernest W. Brown, Inc., and therefore petitioner is not entitled to have the gain resulting from such transactions taxed at capital gain rates. There is no dispute that petitioner had owned and held the debentures for more than two years prior to the date of their redemption by the corporation. But the Commissioner contends that the facts connected with the transactions show that the $35,000 debentures were redeemed by the corporation rather than acquired by purchase and exchange and therefore the rule announced by the Board in *John H. Watson, Jr.*, 27 B. T. A. 463, and *Arthur E. Braun, Trustee*, 29 B. T. A. 1161, is applicable.

Petitioner contends that those cases are distinguishable on their facts. Petitioner says in his brief that:

Each of those cases involved an actual payment, discharge and cancellation of the obligations there in controversy, and that here the obligor had no legal right to demand that payment of the face value of the debentures be accepted on January 23 and July 2, 1931. On the contrary as a result of a purely voluntary agreement between the parties, one group of debentures was exchanged for securities and a small amount of cash and the other group was sold to the corporation for cash. The obligation of the indebtedness was never cancelled or discharged but on the contrary the debentures were kept alive in the corporate treasury for such proper uses as the corporation might see fit to make of them. A redemption of the debentures was never intended either by the corporation or the petitioner.

We can not agree to the validity of the distinction which the petitioner seeks to draw. It is true that in both the *Watson* case and the *Braun* case there was a formal call of bonds for redemption in accordance with the terms of the bonds. Here there was no formal call of the bonds for redemption, but in each instance there was a resolution adopted by the board of directors of the corporation authorizing and directing the treasurer of the corporation to apply to the retirement of debenture bonds the sum named in the resolution as being available for that purpose. The bonds themselves contained a provision that they were redeemable at par at any time before maturity on any interest date in multiples of $1,000 at the option of the company.

It is true that the redemption of the $35,000 bonds in question appears to have been in accordance with a voluntary agreement between petitioner and Ernest W. Brown, Inc., the obligor of the bonds, but it seems to us that, viewing all the facts in the case, the bonds were being redeemed in much the same manner as had originally been contemplated and that there is nothing in the facts which we have here which would serve to distinguish this case from the *Watson* and *Braun* cases referred to above. We do not think that the fact that, in the redemption on January 23, 1931, of $20,000 of the debentures petitioner there was paid only $612.50 in cash and the balance was paid in marketable securities at their fair market value, would serve as a valid distinctiton.

Petitioner contends in the alternative that if we hold that the facts of the instant case do not distinguish it from the *Watson* and *Braun* cases, we should overrule those cases and go back to the rule announced by the Board in *Henry P. Werner*, 15 B. T. A. 482, which was itself overruled by the *Watson* case.

One of petitioner's arguments as to why we should do this is that Congress in the 1934 Act, section 117 (f), has dealt with the very situation which we have here and has provided that sums received

in the retirement of bonds shall be considered as amounts received in exchange therefor.

Section 117 of the Revenue Act of 1934 deals with capital gains and losses and subsection (f) of that section reads as follows:

(f) RETIREMENT OF BONDS, ETC.—For the purpose of this title, amounts received by the holder upon the retirement of bonds, debentures, notes, or certificates or other evidences of indebtedness issued by any corporation (including those issued by a government or political subdivision thereof), with interest coupons or in registered form, shall be considered as amounts received in exchange therefor.

There is nothing to indicate that it was the intent of Congress that the provisions of this subsection should be retroactive or that Congress considered the subsection as being declaratory of what was already existing law. We have examined the House Ways and Means Committee Report which accompanied H. R. 7835, which with certain changes became the Revenue Act of 1934, and this report does not shed any light on the reasons for the enactment of subsection, (f) of section 117, of the Revenue Act of 1934. The Report of the Senate Finance Committee is likewise silent upon the subject.

We see no reason to give retroactive application to the provisions of said subsection or to hold that it was merely declaratory of existing law and by reason thereof we should overrule the *Watson* and *Braun* cases. Therefore for the reasons above stated, we sustain the determination of the Commissioner on the only issue submitted to us for decision.

Reviewed by the Board.

*Judgment will be entered for the respondent.*